IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TYLER JAMES SMITH                                            PLAINTIFF

v.                                          Civil No. 5:21-cv-69-DCB-RHWR

WARDEN SCOTT
MIDDLEBROOKS, *et al*                                      DEFENDANTS

<u>REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court *sua sponte* following Plaintiff Tyler James Smith's failure to prosecute this case and comply with Court Orders. For the reasons that follow, the undersigned United States Magistrate Judge recommends dismissing all claims against all Defendants without prejudice for failure to prosecute and abide by Orders of the Court.

## I. <u>BACKGROUND</u>

Pro se Plaintiff Tyler James Smith ("Plaintiff" or "Smith") filed this suit on August 13, 2021. Compl. [1]. Defendants Michelle Higgabotham, Ronnie Elery, and Warden Scott Middlebrooks ("Defendants") filed a Motion [21] for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing suit on November 23, 2021.

After Plaintiff failed to timely respond to Defendants' Motion [21] for Summary Judgment, the Court entered an Order [27] on December 28, 2021, which directed Smith to respond to Defendants' Motion [21] for Summary Judgment on or before

January 18, 2022. *See* Order [27]. The Court reminded Smith that it was his "responsibility to prosecute the case." *Id* at 1. The Court also warned Plaintiff that "Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order." *Id.* at 1-2.The Order [27] was mailed to Plaintiff at his address of record. Plaintiff has not responded to the Order [27].

On June 21, 2022, the Court entered an Order [30] to Show Cause, which again directed Plaintiff to respond to Defendants' Motion and also directed him to explain why this case should not be dismissed for failure to prosecute. *See* Order [30]. The Court again reminded Plaintiff that it was his "responsibility to prosecute the case" and that the failure to prosecute or comply with Court Orders would result in dismissal of the case. *Id* at 1- 2. The Court  also warned Plaintiff that if he failed to file a written response to Defendants' Motion and explanation as to why this case should not be dismissed for failure to comply with Court Orders, a recommendation of dismissal would be made to the District Judge. *Id.* at 1. The Order [30] was mailed to Plaintiff at his address of record. Plaintiff has not responded to the Order [30].

## II. <u>DISCUSSION</u>

The Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte. Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that

remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Court finds that there is a clear record of delay and contumacious conduct on the part of Plaintiff. Plaintiff did not timely respond to Defendants' Motion [21] for Summary Judgment, nor has Plaintiff responded to the Court's [27] [30] Orders directing him to respond to Defendants' Motion [21] for Summary Judgment and show cause why this case should not be dismissed for failure to prosecute. It appears from the record that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since October 8, 2021. See Mot. [8]. Further, the Court finds that lesser sanctions than dismissal would not prompt diligent prosecution; instead, such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order). Accordingly, all claims against all

Defendants should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by an Order of the Court.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing all claims against all Defendants without prejudice for failure to prosecute and abide by Orders of the Court.

### IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he or she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

4

1428-29 (5th Cir. 1996).

**SIGNED,** this the 15th day of July 2022.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE